**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

ATLANTIC BUILDING & RESTORATION LLC T/A RIP TIDE RESTORATION,

Plaintiff,

v.

FRANCIS E. BOROWSKY, JR. and PAULA BOROWSKY,

Defendants.

Civil Action No. 26-554-RGA

MEMORANDUM ORDER

Plaintiff originally brought this action for breach of contract in Sussex County Superior Court. (D.I. 8 at 2–3). Defendants removed the action to this Court based on diversity jurisdiction. (D.I. 1 at 1). Plaintiff moves to remand the action to Sussex County Superior Court according to a forum selection clause in the underlying contract. (D.I. 8 at 1). I have considered the parties' briefing. (D.I. 8, 10, 11). For the reasons set forth below, Plaintiff's motion is GRANTED.

"The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal citations omitted). The party seeking removal bears the burden to establish federal jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Zoren v. Genesis Energy, LP.*, 195 F. Supp. 2d 598, 602 (D. Del. 2002). That burden is a high one when seeking to avoid a forum selection clause. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), *overruled on other grounds by Lines v. Chasser*, 490 U.S. 495 (1989). "A forum selection clause does not oust a court of subject matter jurisdiction, and abstention is, of course, predicated on the notion that while the federal court has subject [matter] jurisdiction, it

should decline to exercise it." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212 n.7 (3d Cir. 1991) (emphasis and internal citation omitted). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen*, 407 U.S. at 10.

To determine whether a forum selection clause waives a party's right to remove to federal court, a court should use "the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions." *Foster*, 933 F.2d at 1217 n.15. The district court must look "to the plain and ordinary meaning of the forum selection clause to determine whether it amounted to a waiver of the right to remove." *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011) (internal citations omitted). A district court may find such a waiver even if the forum selection lacks an explicit waiver of removal. *Foster*, 933 F.2d at 1216–17.

The relevant portion of the forum selection clause in the parties' contract states, "[T]he venue and any action brought under this Authorization for work shall be in Sussex County." (D.I. 8-2 at ¶ 16). The parties dispute whether "shall be in Sussex County" waives Defendants' right to remove the action to federal court.[1] (D.I. 8 at 4–6; D.I. 10 at 2–3). Plaintiff argues that the forum selection clause requires the litigation to take place in Sussex County, and because there is no federal court located in the County, the action must be remanded to Sussex County Superior Court. (D.I. 8 at 4–6). Defendants argue that the forum selection clause does not limit jurisdiction to the courts "of" Delaware, and thus, the forum selection clause permits the federal district court that encompasses Sussex County to hear the case. (D.I. 10 at 8–9).

---

[1] There is no dispute regarding the applicability of the contract to the parties or the action.

The forum selection clause begins with the mandatory "shall," requiring that litigation under the contract takes place "in Sussex County." (D.I. 8-2 at ¶ 16). The clause's use of "in" references the geographical bounds of Sussex County to determine whether a court may hear the case. *Merrill Lynch*, 640 F.3d at 549. The United States District Court for the District of Delaware "shall be held at Wilmington." 28 U.S.C. § 87. There is no dispute that Wilmington is located in New Castle County, a geographic entity distinct and separate from Sussex County.

While the "clause does not, on its face, mandate that suit be brought in a state court[, it] makes perfectly clear that [disputes under the contract] shall be in [Sussex] County—and this courthouse is not in [Sussex] County." *Relm Wireless Corp. v. C.P. Allstar Corp.*, 265 F. Supp. 2d 523, 524 (E.D. Pa. 2003). As the Fourth Circuit explained:

> Because there is no federal courthouse in the designated county, removal of the case to federal court would mean that the dispute would be resolved in a county other than the one designated by the contract. To accept the defendants' argument would require us to re-write the clause to provide that "the sole and exclusive venue for any dispute between the parties shall be the county in which the Facility is located, *or the county in which a federal courthouse is located that has jurisdiction over the county in which the Facility is located.*"

*Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 674 (4th Cir. 2018); *see Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76–77 (2d Cir. 2009) (reaching the same conclusion based on a similar clause); *see also Alliance Health Grp. LLC v. Bridging Health Options LLC*, 553 F.3d 397, 399–400 (5th Cir. 2008) (discussing the difference between a motion to remand when the county has a federal courthouse in it and when the county does not have an operational federal courthouse in it). The Third Circuit, in a non-precedential opinion, reached the same conclusion.[2] *Wall St. Aubrey Golf,*

[2] Contrary to Defendants' arguments that this case is different from *Aubrey* because the statute authorizing the federal district courts in Pennsylvania requires the courts to sit in designated counties "and nowhere else" (D.I. 10), the statutes for both Delaware and Pennsylvania simply state where court for the district "shall be held." *See* 28 U.S.C. § 87; 28 U.S.C. § 118. The "and nowhere else" language comes from *Aubrey*, in which the court wrote:

*LLC v. Aubrey*, 189 F. App'x 82, 86 (3d Cir. 2006).[3] Thus, Defendants waived their rights to remove this action to federal court by agreeing to litigate the dispute in a county without a federal court located within the county's geographic boundaries.

Plaintiff requests costs and fees associated with Defendants' improper removal. (D.I. 8 at 7). The Supreme Court has explained that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Defendants removed the action based on diversity jurisdiction and a belief that the forum selection clause permitted litigation in the District of Delaware. Thus, Defendants had objectively reasonable grounds for removal. Further, the Third Circuit has held that "an enforceable forum-selection clause is not a removal defect" that permits the recovery of costs and fees under § 1447(c). *Med. Assocs. of Erie v. Zaycosky*, 77 F.4th 159, 163–64 (3d Cir. 2023). As this action is remanded based on a forum selection clause, Plaintiff's request for costs and fees is denied.

---

> The United States District Court for the Western District of Pennsylvania has jurisdiction over Butler County; but as Congress has ordained that it shall sit in Erie, Cambria, and Allegheny Counties—and nowhere else—it is self-evident that the Court has no location in Butler County. Therefore, where venue is laid in Butler County, it is physically and logically impossible for a federal district court to hear the case.

*Aubrey*, 189 F. App'x at 87.

[3] Other district courts within the Third Circuit have similarly determined that litigating in federal court may be barred by a forum selection clause that requires litigation in a county without a federal courthouse. *See Nexxt, Inc. v. Ranney*, 2022 WL 3155404, at *2 (E.D. Pa. Aug. 8, 2022); *CentiMark Corp. v. 1901 Gateway Holdings, LLC*, 2021 WL 4245088, at *4 (W.D. Pa. Sept. 17, 2021); *U.S. Bank Nat'l Ass'n v. Renaissance Land Assocs.*, 2013 WL 5781098, at *3–4 (E.D. Pa. Oct. 25, 2013); *Relm Wireless*, 265 F. Supp. 2d at 524.

Plaintiff's motion to remand (D.I. 8) is GRANTED. Plaintiff's request for costs and fees is DENIED.

IT IS SO ORDERED.

Entered this 5th day of October, 2026

Richard G. Andrews
United States District Judge